FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JUL -9 AM 9: 25

CLERK /kw/
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA

v.                    499CR177
                      401CV026

DAVID KEITH BANKS

## ORDER

David Keith Banks pled guilty to one count of conspiracy to possess with intent to distribute and distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. § 846. The Court sentenced him to 325-months imprisonment. 499CR177 doc. # 73, *appeal filed*, doc. # 75, *appeal denied*, # 86. He unsuccessfully moved for 28 U.S.C. § 2255 relief in 2001, 401CV026, doc. # 8, and now moves for F.R.Civ.P. 60(b)(1)(6)[1] relief to set that judgment aside. Doc. # 14.

Banks's § 2255 motion relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that his sentence must reduced because the drug quantity for which he was held accountable at sentencing was not specifically alleged in the indictment. And, he contended that received ineffective assistance of counsel (IAC) because his counsel failed to object to the drug quantity. Doc. ## 1, 4 at 3-9.

In 2006, Banks sought permission directly from the Eleventh Circuit to file a § 2255 motion in this Court. There he argued that:

(1) he received a "drastic upward departure from [the] guidelines," and (2) his sentence exceeded the statutory maximum. Banks assert[ed] that his claims rely upon a new rule of constitutional law, *citing United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

499CR177 doc. # 117. Banks cited a "new rule of constitutional law" to try and surmount the successive-motion bar.[2] The Eleventh Circuit denied Banks relief:

> We have noted that, "[r]egardless of whether *Booker* established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme

---

[1] Rule 60(b)(6) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons: ... (6) any other reason justifying relief from the operation of the judgment.

F.R.Civ.P. 60(b)(6).

[2] 28 U.S.C. § 2255 ¶ 8(2) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255 ¶ 8(2).

Court has not expressly declared *Booker* to be retroactive to cases on collateral review." *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005). Banks's claims rely only on the holding in *Booker*, and he has not, therefore, met the statutory criteria that his claim be premised on a new rule of constitutional law that the Supreme Court has made retroactive on collateral review. *See* 28 U.S.C. § 2244.

*Id.* Over a year after the Eleventh Circuit's ruling, Banks now invokes Rule 60(b)(6).

A motion that attacks a federal court's previous resolution of a claim on the merits -- rather than "some defect in the integrity of the federal habeas proceedings" -- advances a claim relative to the merits and thus constitutes a second or successive motion that may not be brought without circuit authorization. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005).

In fact, even if the claim was not previously presented, it must be dismissed "unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Id.* at 530 (citing 28 U.S.C. § 2244(b)(2)). And *Gonzalez* applies to § 2255 cases. *Lascola v. U.S.*, 2007 WL 1847395 at * 2 (D.R.I. 6/25/07) (unpublished). Banks says he

> realizes that his claims raised on appeal are precluded from considering under the § 2255 motion, that were rejected on appeal. [He] contends[, however,] that the court wrongfully denied him relief by its order denying his § 2255 [motion], because there was not a full and fair hearing ever conducted on the issue under petitioner's *Apprendi* claim, on the quantity in the case at bar. *Apprendi v. New Jersey*, 530 U .S. 466 (2000) in the proceeding the court knew that the holding in *Apprendi* states "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490. This court also knew that *Apprendi* issues are available for collateral application in a initial 2255 proceeding.

Doc. # 14 at 5.

Banks evidently is trying to exploit the "defect in the integrity of the federal habeas proceedings" justification for invoking Rule 60(b)(6). The Court rejects that argument. Banks's latest motion is a direct challenge to his conviction; only if he can get past the successive-motion bar would he be in position to quibble about whether some sort of hearing (to determine the merits of his *Apprendi* claim) would be warranted. *See, e.g., In re Nailor,* ___ F.3d ___, 2007 WL 1555784 at * 3 (6th Cir. 5/31/07) (motion for relief from prior judgment denying motion to vacate filed by federal prisoner convicted of possession with intent to distribute cocaine base was properly construed as a successive motion to vacate; defendant's Rule 60(b) motion asserted that he could not be sentenced lawfully under provisions that specified penalties when the quantity of cocaine base at issue was 50 grams or more because the indictment against him alleged only that the quantity of cocaine base at issue was approximately 50 grams, so that the motion either attacked the resolution of prior motion to vacate, which raised an ineffective assistance of counsel claim on a similar argument, or it raised a new claim for relief from the sentence).

For that matter, "the Supreme Court has not held that *Apprendi* applies retroactively to cases on collateral review," so Banks cannot satisfy § 2255 ¶ 8(2) to otherwise obtain the Eleventh

2

Circuit's permission to file this successive § 2255 motion. *Id.* at \* 4; *see also U.S. v. Herrera*, 216 Fed.Appx. 809, 811 (10th Cir. 2007).

In that Banks's claim here does not contest any procedural irregularity in the earlier § 2255 proceedings but rather directly challenges his underlying sentence, his Rule 60(b) motion must be denied because it constitutes a second or successive § 2255 motion which this Court may not consider absent authorization from the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255, ¶ 8). Because Banks has not obtained such authorization, this Court is without jurisdiction to consider his motion, so it (doc. # 14) is ***DENIED***.

This $\underline{9}$ day of July, 2007.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA